**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RITA S. G.,** | ) | |
| | ) | **No. 20 C 3824** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Rita S. G. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## Background

On February 12, 2015, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 119, 141-42, 146-54.) On August 23, 2018, the Appeals Council remanded the case for further consideration of the nature of plaintiff's past relevant work and her ability to perform it. (R. 160-61.) On September 27, 2019, after a hearing, an ALJ again denied plaintiff's application. (R. 13-23.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record." "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. Whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations omitted and cleaned up).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 15.) At step two, the ALJ determined that plaintiff has the severe impairments of "degenerative disc disease of the cervical and lumbar spine; obesity; and arthritis of the left wrist." (R. 16.) At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of

2

the listed impairments. (R. 18.) At step four, the ALJ found that plaintiff has the RFC s to perform

her past relevant work as an administrative clerk, and thus she is not disabled. (R. 19-23.)

Plaintiff contends that the ALJ's RFC determination lacks an evidentiary basis because

the ALJ interpreted new medical evidence without the help of a medical expert. (ECF 20 at 6.)

The Court disagrees. The ALJ acknowledged the diagnoses and treatment plaintiff received after

the agency doctors reviewed her file in December 2015 and before the hearing in 2019. (R. 20-

21.) But the ALJ did not, as plaintiff claims, independently interpret any x-rays, MRIs, or other

raw medical data. (*Compare, e.g.,* R. 20 (ALJ stating that "Dr. Koski found that [plaintiff] did not

appear to have any issues with radiculopathy," *with* R. 709-10 (Dr. Koski's record stating: "[W]e

are not suspicious for radiculopathy in [plaintiff] . . . ."); R. 20 (ALJ stating that "[plaintiff] also

had an x-ray done of her cervical spine, which showed only mild degenerative disc disease"), *with*

R. 882 (medical record stating that the x-ray of plaintiff's cervical spine showed "mild multilevel

degenerative disc disease"); R. 21 ("Dr. Toor noted that [plaintiff's] MRI of the cervical spine

showed multilevel degenerative changes."), *with* R. 1943 (Dr. Toor's notes stating that the MRI

showed "multilevel degenerative changes with varying degrees of stenosis")) (citations omitted).[1]

Moreover, it is plaintiff's burden "to provide evidence that [any newly-diagnosed conditions]

support specific limitations affecting her capacity to work." *Weaver v. Berryhill*, 746 F. App'x

574, 579 (7th Cir. 2018). Plaintiff offers no such evidence.[2] Thus, she has no basis for challenging

the RFC.

---

[1] This finding also dooms plaintiff's claim that the ALJ's subjective symptom evaluation was improperly based on her lay interpretation of "raw medical data." (ECF 20 at 10.)

[2] In her reply brief, plaintiff argues, for the first time, that she testified to "functional limitations the ALJ discounted, such as her need to alternate between sitting, standing, and lying down." (ECF 23 at 4.) However, "arguments raised for the first time in a reply brief are waived." *Wonsey v. City of Chi.*, 940 F.3d 394, 398 (7th Cir. 2019).

Plaintiff also argues that ALJ's "analysis of [plaintiff's] subjective allegations defies meaningful review" because the ALJ "discredited [plaintiff's] allegations in one breath and claimed to credit them in the next." (ECF 20 at 10-11; *see* R. 21-22 (ALJ saying that plaintiff's symptom allegations were "not entirely consistent with the . . . evidence," but limiting plaintiff to sedentary work because of her allegations of back, neck, and wrist pain, gait issues, and diminished endurance and mobility).) Though the "not entirely consistent" language "has [been] derided [by the Seventh Circuit] as 'meaningless boilerplate,'" its use is not error if the ALJ also includes a "full-bodied explanation of why credibility is lacking." *Hammerslough v. Berryhill*, 758 F. App'x 534, 539 (7th Cir. 2019) (quoting *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010)). Such is the case here, as the ALJ explained in detail how the evidence supported the allegations she credited and failed to support those she did not. (R. 16-17, 21-22.)

The Court is also not persuaded that the ALJ committed an error at step two that tainted her subsequent symptom evaluation. As plaintiff concedes, the step two severity determination is merely a "threshold issue." (ECF 20 at 11.) Thus, "any error at Step Two is harmless if the ALJ finds a claimant has *any* severe impairment and goes on to sufficiently address the aggregate effect of all the claimant's severe and non-severe impairments later in [her] analysis." *Dorothy B. v. Berryhill*, No. 18 CV 50017, 2019 WL 2325998, at *2 (N.D. Ill. May 31, 2019) (emphasis in original). Here, though the ALJ found a number of plaintiff's impairments to be non-severe, she still evaluated the evidentiary support, or lack thereof, for the symptoms plaintiff claimed those impairments caused. (*See, e.g.*, R. 17 ("In June 2019, [plaintiff] complained of some headaches and balance issues. The doctor noted that [plaintiff's] cyst might be causing some compression, so he recommended medication. There is otherwise no mention of any specific complaints related to it."); *id.* (noting that plaintiff's blurry vision improved after she received eye injections in spring

2019); R. 21 (noting that plaintiff complained of shortness of breath and fatigue, which she attributed to her heart condition, but the record showed that her cardiomyopathy was mild and contained no specific complaints of fatigue)) (citations omitted). Accordingly, any error the ALJ may have committed at step two is harmless.

### Conclusion

For the reasons set forth above, the Court affirms the Commissioner's decision, grants the Commissioner's motion for summary judgment [21], and terminates this case.

**SO ORDERED.**                                   **ENTERED:  April 28, 2022**

**M. David Weisman**
**United States Magistrate Judge**